E-FILED
Thursday, 17 January, 2013  12:22:33 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| John Williams, <br>     Plaintiff | ) <br> ) <br> ) |
| v. | )     Case No. 11-1382-JBM-JAG |
| | ) |
| State of Illinois, et al, <br>     Defendants | ) <br> ) <br> ) |

## REPORT AND RECOMMENDATION

This case was filed well over a year ago, on October 11, 2011. Plaintiff is proceeding pro se. Following a series of motions and orders, summonses were issued on May 21, 2012. Because nothing happened thereafter, an Order was entered on Nov. 7, 2012, directing Plaintiff to do one of two things: file proof that the summonses had been served or file a written explanation for why they had been allowed to lapse.

On Nov. 30, Plaintiff filed his written explanation. He stated that he had written letters to the "Chief Counsel of ISU" on June 2, 2012 and again on August 3, 2012, seeking addresses of the ISU employees and former employees he was suing. He received no response. He went on to state that he sent a Notice of Lawsuit and Request for Waiver of Service to the ISU Chief Counsel on Oct. 23, 2012, listing the names of all the ISU personnel named as defendants. He concluded:

> According to the time set forth in the Waiver form, the date for a required response has not yet passed.
> Copies of the above documents sent to ISU reside in the Chicago area and will be obtained the week of Dec. 3d to be forwarded to Magistrate Gorman.

There are any numbers of problems with the status of this case. Those problems are:

1. It is Plaintiff's burden, not ISU's burden, to ascertain addresses for service of process. ISU is under no obligation – under the Federal Rules or even under the Freedom of Information Act – to disclose addresses of employees. In the more than 4 months since Plaintiff's second effort to obtain individual Defendant's addresses from ISU's counsel, he has apparently done nothing.

2. Despite Plaintiff's promise to provide additional documents for the Court's review in December, nothing has been submitted.

3. Nothing was filed to document Plaintiff's assertion that he sent a Notice of Lawsuit and Request for Waiver, despite the requirement of Local Rule 4.1 that proof be filed within 7 days of the mailing of the Notice.

4. Notice of Lawsuit and Request for Waiver under FRCP 4(d) can only be used in lieu of service on an "individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h)." It cannot be used to effect service on State and local governmental entities, which must be served under Rule 4(j). Hence, no effective service has been had on the governmental entities named as defendants.

5. Service under Rule 4(d) on an individual requires that the requisite Notice and Waiver forms, along with a copy of the complaint, be "addressed to the individual" defendant. Rule 4(d)(1)(A)(i). Sending a list of individuals to the Chief Counsel, as Plaintiff claims to have done, does not suffice under Rule 4.

6. Because the Court has not been provided with copies of the Notice of Lawsuit and Request for Waiver, it cannot evaluate Plaintiff's statement that the date for Defendant to respond to the complaint has not yet passed. However, assuming the accuracy of Plaintiff's statement that these documents were sent on Oct. 23, the Court would expect the response time to be 30-60 days, which would have made the response due in December at the latest. No responses have been filed and Plaintiff has taken no affirmative action to address that fact.

Under Rule 4(m), a case must be dismissed if service is not effected within 120 days after the complaint has been filed. That time has long since passed. That Rule also provides, however, that the 120 day period can be extended for good cause shown. Despite the fact that Plaintiff has not requested such relief, I have nonetheless considered whether the record would support a finding of good cause. At this stage, I conclude that it

would not. While *pro se* plaintiffs are allowed some measure of lenience, they are expected to comply with the procedural rules that govern civil litigation. Plaintiff's failure to implement the most basic of those rules – serving the parties he is suing – is unexplained by anything other than unsupported rationalizations. He was issued summonses before the end of May 2012. Those summonses could have been served on the governmental entities; they were apparently not. His efforts to procure requisite information for service (or Notice and Waiver) on the individual defendants were wholly inadequate and demonstrated no sense of diligence.

This case is now well over a year old, and Plaintiff has yet to demonstrate any diligent effort to satisfy his obligations under Rule 4 as to any of the Defendants. I conclude from the posture of this case that Plaintiff's lack of diligence suffices to establish a lack of prosecution. I therefore recommend that this case be dismissed for failure to prosecute it, pursuant to FRCP 41(b).

The parties are advised that any objection to this Report and Recommendation must be filed in writing with the Clerk within fourteen (14) working days after service of this Report and Recommendation.  FRCP 72(b); 29 USC 636 (b)(1).  Failure to object will constitute a waiver of objections on appeal. <u>Johnson v Zema Sys. Corp.</u>, 170 F3d 734, 739 (7th Cir 1999);  <u>Video Views Inc. v Studio 21, Ltd.</u>, 797 F2d 538 (7th Cir 1986).

ENTERED: January 17, 2013

s/ John A. Gorman

**JOHN A. GORMAN**
**UNITED STATES MAGISTRATE JUDGE**