## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| JOHN WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.  11-cv-1382 |
| ) | |
| STATE OF ILLINOIS, et al., ) | |
| ) | |
| Defendants. ) | |

## O R D E R   &   O P I N I O N

This matter is before the Court on Magistrate Judge Gorman's Report & Recommendation ("R&R") recommending that this case be dismissed for failure to prosecute (Doc. 16), and Plaintiff's Objection and Motion for Hearing (Doc. 18). Plaintiff has also filed an untimely "Objection to Reports, Recommendations and Orders." (Doc. 19). For the reasons stated below, the R&R is adopted, and this matter is dismissed with prejudice for failure to prosecute.

Plaintiff, proceeding *pro se*, filed his initial Complaint on October 11, 2011. (Doc. 1). Summonses were issued on May 21, 2012, but they were never returned executed to the Court. Magistrate Judge Gorman issued an Order on November 7, 2012, directing Plaintiff to file proof that he had served the summonses or to explain why he had not done so. (Doc. 14). Plaintiff filed a response to this Order on November 30, 2012, explaining that Illinois State University (one of the named Defendants, and employer of several other Defendants) had not provided him with the addresses of its employees who are Defendants as he had requested. (Doc. 15). He claimed to have sent a Notice of Lawsuit and Request for Waiver in October

2012 to ISU for the Defendants it employed. Plaintiff promised to file documentation of his interactions with ISU in December, but never filed anything. (Doc. 15).

On January 17, 2013, Magistrate Judge Gorman issued the instant R&R, reviewing the lack of progress in the case thus far, and Plaintiff's failure to take the necessary steps to proceed with it. (Doc. 16). He explained that Plaintiff's excuses for his failure to serve the Defendants were meritless, as it is Plaintiff's duty to find the necessary addresses for his Defendants, that Plaintiff had violated Local Rule 4.1 by failing to file proof that he had sent a Notice of Lawsuit and Request for Waiver within seven days of its mailing, that Plaintiff had failed to effect service on the governmental entity-Defendants under Federal Rule of Civil Procedure 4(j), that sending a list of named Defendants to their employer does not satisfy Rule 4(d)(1)(A)(i), and that Plaintiff had taken no action to address the fact that no Defendant had responded to the October Notice of Lawsuit and Request for Waiver. (Doc. 16 at 2). Noting that Rule 4(m) requires the dismissal of a case if service has not been effected within 120 days of the Complaint's filing (which would have been February 8, 2012) unless the time period has been extended upon a showing of good cause, Magistrate Judge Gorman considered whether there was any possibility that Plaintiff could show good cause, though Plaintiff had never requested any extension of the service deadline. He determined that because Plaintiff had failed to serve the governmental-entity Defendants, though he had the necessary information to do so, and because he had failed to undertake any serious efforts to obtain the necessary

2

information for the other Defendants, Plaintiff had demonstrated a complete lack of diligence in prosecuting his claim. (Doc. 16 at 2-3).

The R&R was mailed to Plaintiff on January 17, 2013, and notified him that failure to object by February 4, 2013 would constitute a waiver of any right to object to it. (Doc. 16). On February 4, 2013, Plaintiff appeared in the Clerk's office demanding that the Clerk issue new summonses; on advice from Magistrate Judge Gorman, she refused until the undersigned had had the opportunity to review the R&R. He also filed an Amended Complaint (Doc. 17), and the instant Objection to the R&R and Motion for Hearing (Doc. 18). When a plaintiff files an Objection to an R&R, the Court reviews *de novo* those portions of it to which a "specific written objection has been made." FED. R. CIV. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

Plaintiff's Objection merely states that he does not waive any objection to the R&R, or to any other Orders in this case; it does not make any specific legal objection to Magistrate Judge Gorman's findings or analysis in the R&R. (Doc. 18 at 1). Therefore, there are no specific objections or counter-arguments for the Court to consider *de novo*. Having reviewed the R&R and the record of this case, the Court agrees with each of Magistrate Judge Gorman's conclusions and with his recommendation for dismissal for failure to prosecute. Plaintiff's litigation of this case has been totally lacking in the necessary diligence, and he has offered only legally insufficient excuses for this failure.

In his Objection, Plaintiff claims that he was "surprised" by the clerk's refusal to issue new summonses, and that he was thus unprepared to file an Objection. (Doc. 18 at 1). Plaintiff seems to be laboring under the misunderstanding that his demand for new summonses and/or filing of an "Amended" Complaint would have somehow rendered the R&R and its findings moot, such that he would not need to respond to them. On the contrary, not only are these actions not an appropriate response to oppose the R&R, they would not cure the deficiencies highlighted in it. His "surprise" on February 4 is irrelevant – he cannot have been surprised by the fact that the Court takes seriously his failure to prosecute his case, as he was warned in November 2012 and January 2013 of the possibility of dismissal for failure to prosecute if he did not obtain service on the Defendants. The bottom line is that Plaintiff has repeatedly failed to effect service on any of the Defendants, the deadline for doing so expired over a year ago, and Plaintiff has neither sought an extension of time to effect service nor offered any cogent explanation for this failure.

On February 7, 2013, Plaintiff filed an additional Objection. As noted above, any objection to the R&R was due on February 4, 2013, so this later Objection is untimely and the Court need not consider it. The Court does so, nonetheless, in order to satisfy itself that dismissal of this suit is the proper course. Nothing in Plaintiff's second Objection shows the Court that it should continue to allow Plaintiff to waste this Court's or Defendants' time and resources on this case. Plaintiff makes four claims, none of them showing a diligent effort to obtain *proper* service or waiver of service: (1) on October 23, 2012, Plaintiff sent Notices of

Lawsuit and Requests for Waivers for the individual ISU-employed Defendants to ISU, (2) on January 31, 2013, Plaintiff mailed these same Notices of Lawsuit and Requests for Waiver to the president of ISU, (3) on February 1, 2013, Plaintiff hand-delivered Notices of Lawsuit and Requests for Waiver to the McLean County State's Attorney, a named Defendant, and (4) Plaintiff had planned to serve summons on "all defendants (except those associated with ISU as staff or employees)" on February 5, but was thwarted by his failure to obtain new summonses on February 4. (Doc. 19 at 1-2). These are simply further belated attempts and purported plans to effect service, but do not show that Magistrate Judge Gorman's assessment of the situation was wrong or that Plaintiff has ever had good cause for his failures that would justify an extension of time for service.

The time for Plaintiff to serve Defendants under Rule 4(m) expired over a year ago, and Plaintiff has never shown good cause for his failure to serve them with process. Magistrate Judge Gorman *sua sponte* extended the deadline for either proper service or a showing of good cause to November 30, 2012. By that date, Plaintiff had not effected service, and offered only legally-insufficient excuses for his failure to do so. The Court therefore agrees with Magistrate Judge Gorman that involuntary dismissal for failure to prosecute is appropriate.

IT IS THEREFORE ORDERED that Magistrate Judge Gorman's Report & Recommendation (Doc. 16) is ADOPTED. This matter is DISMISSED WITH PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) for failure to prosecute. CASE TERMINATED.


Entered this 12th day of February, 2013.

                                               s/ Joe B. McDade
                                               JOE BILLY McDADE
                                    United States Senior District Judge